19224

Howard JORDAN and Hartsville Fire Department—Hartsville Rescue Squad, Appellants, v. MARYLAND CASUALTY COMPANY, Respondent.

(181 S. E. (2d) 476)

*Messrs. Saleeby, Saleeby & Herring, P. A.,* of Hartsville, *for Appellants,*

*William H. Blackwell, Esq., Wright, Scott, Blackwell & Powers,* of Florence, *for Respondent,*

May 24, 1971.

BRAILSFORD, Justice.

The plaintiff, a regularly employed, full-time fireman of the Hartsville Fire Department, while in the recreation room of the fire station, was accidentally shot. He was on duty, but when the injury was sustained he was at ease, watching a television program. He sued the defendant, Maryland Casualty Company, claiming entitlement to disability and medical benefits under a group policy issued to his employer. The defendant denied that plaintiff's injury was covered by the insurance. The case was submitted to the court on the pleadings, stipulated facts and the contract of insurance. Plaintiff appeals from an adverse judgment, charging that the court erred in failing to hold that the policy was ambiguous and reasonably susceptible of a construction affording coverage of plaintiff's injury.

The insuring agreement obligated the defendant to pay scheduled benefits for loss caused by accident, as follows:

"(a) to a volunteer member in good standing (including any who may receive a nominal fee as a retainer) while acting as a member of the Fire Company and actually on duty as a fireman, including going to and returning from fires, at fire drills, parades, or at tests or trials of any firefighting apparatus;

"(b) to a paid driver or employee regularly employed at full time as a fireman, while actually on duty at fires, while answering alarms of fires, or while directly returning from fires."

The circuit court, mindful of plaintiff's right to have any ambiguity in the policy resolved in his favor, found that no such uncertainty exists. We agree.

It is apparent from a casual reading of the insuring agreement that coverage furnished plaintiff, as a full-time employee, is not so broad as that furnished a volunteer member. While the record discloses no reason for discrimination between the two classes of insureds, and we perceive none, the contract is not unlawful in this respect, and we have no election but to enforce it. We have carefully considered the several arguments urged by resourceful counsel in support of their claim that an ambiguity exists which should be resolved in favor of coverage. However, we must conclude that plaintiff, as a full-time fireman, was insured only while on duty at a fire, while answering an alarm, or while returning from a fire. Since none of these conditions accompanied the infliction of the injury, there was no error in the judgment of the circuit court.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.